UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 5, 2015

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| LICINIO DE JESUS LOPES DUARTE, | : | VIOLATION: |
| also known as "Chino," | : | 21 U.S.C. § 846 |
| | : | (Conspiracy to Distribute and Possess |
| | : | with Intent to Distribute Heroin and |
| | : | Cocaine) |
| | : | |
| | : | FORFEITURE: |
| | : | 21 U.S.C. §§ 853(a), (p) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

From on or about June 2015, through on or about October 2015, within the District of Columbia, the State of Maryland, and elsewhere, defendant **LICINIO DE JESUS LOPES DUARTE**, also known as "Chino," did knowingly and willfully combine, conspire, confederate and agree together with Julio Cordova and with other persons both known and unknown to the Grand Jury, to unlawfully, knowingly, and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance and a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C).

(Conspiracy to Distribute and Possess with Intent to Distribute Heroin and Cocaine, in violation of Title 21, United States Code, Section 846)

## FORFEITURE ALLEGATION

1.      Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense.

2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a) and (p))

A TRUE BILL:

FOREPERSON.

*Channing D. Phillips /GG.*
Attorney of the United States in
and for the District of Columbia